IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SHAUNA RENNO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10-0587-CV-W-ODS |
| ) | |
| RYAN BRONNER, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER AND OPINION GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

Before the Court is defendant Board of Police Commissioners' Motion to Dismiss (Doc. #3). The motion has been fully briefed by the parties. For the reasons stated below, defendant's motion will be granted in part and denied in part.[1]

## I. INTRODUCTION

The above-captioned case arises out of a lawsuit originally filed in the Circuit Court of Jackson County, Missouri. The case was removed to this court by the defendants Kansas City Missouri Board of Police Commissioners (hereinafter the Board) and Police Officers Bronner and Sartain. Plaintiff's Complaint alleges Bronner and Sartain detained and prevented plaintiff from participating in the burial of her 14-month old daughter. Plaintiff further alleges that the police officers were not in fresh pursuit and knew the funeral was in progress and plaintiff's daughter was not yet buried. Plaintiff complaint also alleges that the police officers would not allow her to return to the burial unless the plaintiff assisted them in arresting the suspect James Renno.

---

[1] Defendants' motion to dismiss was filed before this case was consolidated with *Zahnd v. Bronner*, 10-0079, Doc. 18. The Court has determined it to be most efficient to rule this order under No. 10-587. The parties are reminded that all future filings for the consolidated cases shall be under No. 10-0079.

## II. DISCUSSION

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The Board contends that even if the allegations in Plaintiff's Complaint are accepted as true, her § 1983 claims against the Board should be dismissed due to lack of personal involvement. But Plaintiff does not allege liability on the basis of supervisor authority alone. Rather, Plaintiff alleges that an express or implied policy or custom existed at the time of the constitutional violations and was a moving force behind those violations. The Court finds these allegations sufficient to withstand the Board's motion to dismiss and denies the Board's motion with respect to the § 1983 claims. *See Monell v. Dept. of Soc. Services of City of New York*, 436 U.S. 658, 694 (1978); *Ware v. Jackson County, Mo.*, 150 F.3d 873, 880 (8th Cir. 1998).

The Board also moves to dismiss plaintiff's state law claims of negligent supervision and breach of the right of sepulcher on the basis of sovereign immunity. In Missouri, sovereign immunity is waived to the extent that liability insurance for tort claims covers the public entity. Mo. Rev. Stat. § 537.610. The plaintiff must plead with specificity facts showing that the claim falls within this exception. *See Epps v. City of Pine Lawn*, 353 F.3d 588, 594 (8th Cir. 2003).

Plaintiff has failed to plead with specificity that the Board purchased liability insurance covering her claims. The Court dismisses Plaintiff's state law claims without prejudice. The Court orders the Board to disclose to Plaintiff proof of any liability insurance it purchased covering tort claims against the Board. If Plaintiff obtains proof that the Board has purchased insurance covering her tort claims, Plaintiff may move the Court (under consolidated Case No. 10-0079) for leave to amend her pleadings and reassert her state law claims.

## III. CONCLUSION

The Board's motion to dismiss is granted in part and denied in part. The Board is

directed to provide Plaintiff proof of any liability insurance purchased covering tort claims against the Board.

IT IS SO ORDERED.

DATE: October 29, 2010

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT